UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CAMRAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO YOUTH SERVICES,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-cv-491-GPC-WVG<br><br>**ORDER**<br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**[ECF No. 2]**<br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**<br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br>**[ECF No. 3]** |

　　　　Plaintiff Sara Camran, proceeding pro se, filed a complaint against Defendant San Diego Youth Services. ECF No. 1. She also filed a motion to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a request for appointment of counsel, ECF No. 3. Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed in forma pauperis; DENIES Plaintiff's motion for appointment of counsel, and sua sponte DISMISSES the action for failure to state a claim. The Court GRANTS Plaintiff leave to amend her complaint and request for appointment of counsel.

A.     **Motion To Proceed** *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except on application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating their inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *accord Soldani v. Comm'r of Soc. Sec.*, No. 1:19-cv-00040, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Civil Local Rule 3.2.d permits the Court, in its discretion, to "impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay."

Camran submitted a form application and declaration stating that during the past twelve months her total monthly income was about $2,551, with $2,331 stemming from her employment and $250 from public assistance. ECF No. 2 at 1–2.[2] She had roughly $881 in her bank account as of March 11, 2023. *Id*. at 2. Her only asset is a 2006 Ford Taurus. *Id*. at 3. She has monthly living expenses that total about $2,100. *Id*. at 4–5.[3] Camran additionally explains that she cannot pay the cost of the proceeding because it is

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Page numbers are based on the CM/ECF pagination.

[3] Camran calculated her total monthly expenses as amounting to $2,500. ECF No. 2 at 5. This appears to have been a mistake, however, because the values that Camran provided amount to $2,101.13. *See id.* at 2–3 ($1,100 rent + $50 utilities + $250 food + $20 clothing + $30 laundry and dry-cleaning + $300 gas + $300 recreation, entertainment, etc. + $51.13 motor vehicle insurance = $2,101.13).

"a good amount of money . . . that can hurt [her] [e]xpenses in one setting." *Id.* at 5.

Camran's affidavit illustrates that her reported monthly income exceeds her monthly expenses by about $450. However, her only reportable asset is a 2006 Ford Taurus; she does not appear to be spending frivolously; and a $402 filing fee would represent a significant portion of her monthly income such that she might not be able to afford the necessities of life if any unexpected bills were to arise. Accordingly, the Court finds that requiring Camran to pay a partial filing fee is warranted and would not impair her ability to afford the necessities of life, whereas the full filing fee might do so. *See Escobedo*, 787 F.3d at 1234. The Court has carefully reviewed Camran's Application and supporting affidavit and determines that a filing fee of $200 is appropriate and commensurate with her ability to pay.

For the above reasons, the Court finds that Camran is not entitled to proceed *in forma pauperis*, and therefore DENIES her application. ECF No. 2. The Court ORDERS Camran to pay a partial filing fee of $200 within 30 days of this Order if she intends to proceed in this matter.

**B.     Sua Sponte Dismissal Pursuant To 28 U.S.C. § 1915(e)(2)**

    **1.     Legal standards**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "(i) frivolous, or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests,' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by*

*Twombly*, 550 U.S. 544); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . ."). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The federal court is one of limited jurisdiction and the burden rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The federal court possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004);

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . . and is between . . . citizens of different states, or citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2).

Courts "liberally construe[]" pro se claims, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and hold them to "less stringent standards than formal pleadings drafted by lawyers," *id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  "This rule is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## 2. Discussion

Camran alleges that in March 2021, while employed by the San Diego Youth Services TAY Academy ("Youth Services"), an adult client verbally threatened her. ECF No. 1 at 2.  The client purportedly threatened to hurt Camran; threatened to find people to "get" Camran; and stated that she knew people who could physically hurt Camran.  *Id.*  Carman alleges that a former co-worker witnessed the client make these threatening statements and reported the incident "to the whole team, (via email), the project manager, and coordinator as well."  *Id.*  The coordinator purportedly responded:  "have the client write a grievance against me.[4]"  *Id.*  Camran alleges that nothing was done to protect her "well-being while working at the job"; that she was fired about a week after this incident; and that she "experience[d] different forms of harassment and discrimination since working there, along with [her] privacy being breach[ed]."  *Id.*  Camran seeks to recover $25,000 in damages as well as her job back and the imposition of various mandatory trainings at Youth Services.  *Id.* at 3.

As pled, the complaint alleges facts that *could* give rise to an action for wrongful termination or some other cause of action relating to workplace harassment or discrimination.  However, Camran does not point to any specific cause of action that would

---

[4] It is unclear if "me" refers to Camran or the coordinator.

sufficiently put Youth Services on notice as to what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555. It is unclear whether she is bringing a claim for wrongful termination, workplace harassment, workplace discrimination, breach of privacy, or some other matter. Furthermore, it is unclear whether the Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction). Camran has not provided information suggesting that there is a diversity of citizenship between the parties or that the amount in controversy satisfies the $75,000 jurisdictional limit. Neither does she point to any constitutional provisions or federal statutes that would implicate a federal question. Accordingly, the Complaint fails to state a claim upon which relief may be granted and the Court dismisses it pursuant to 28 U.S.C. § 1915(e)(2).

**C.    Request For Appointment Of Counsel**

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, under 28 U.S.C. § 1915(e)(1), courts are afforded discretion to appoint counsel for an indigent person under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331). Neither factor "is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn*, 789 F.2d at 1331).

Camran requests appointment of counsel because of her limited funds, because she "need[s] to know how to better represent [her]self in court," and because she needs more information about her "rights when filing." ECF No. 3 at 3. Although Camran's request suggests she would benefit from legal assistance, it is not clear that her circumstances are "exceptional" such that she could not prosecute her claims pro se. *See, e.g.*, *Cavazos v. Garilaso*, No. 3:21-cv-01156-JAH-LR, 2023 WL 2702565, at *1 (S.D. Cal. Mar. 29, 2023)

(discussing claimant's "poor mental health, . . . limited library access, and limited time to prepare . . . case). Furthermore, as discussed above, Camran's cause or causes of action are unclear and thus the Court cannot fully evaluate the complexity of the legal issues involved nor the likelihood of success on the merits. Accordingly, the Court finds there are no exceptional circumstances existing to support appointment of counsel at this stage of the proceedings. Camran's request for appointment of counsel is DENIED.

### D. Leave To Amend

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

The Court GRANTS Camran LEAVE TO AMEND her Complaint and her request for appointment of counsel. If Camran would like to proceed in this matter, she must file an amended Complaint within **30 days** of the date of this Order along with her partial filing fee of $200. The Amended Complaint must be complete by itself without reference to her previous pleading. *See* Civ. L. Rule 15.1(a). The amended complaint should clearly state the causes of action upon which her claims are based—e.g. any statutory or constitutional violation—and by what means—federal question or diversity of citizenship—the Court has subject matter jurisdiction over this proceeding.

If Camran fails to timely amend, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

### E. Conclusion

For the reasons explained above, the Court DENIES Camran's request to proceed *in forma pauperis*; sua sponte dismisses her complaint for failure to state a claim upon which relief may be granted; and DENIES her request for appointment of counsel. The Court GRANTS Camran leave to amend her complaint and request for appointment of

counsel within 30 days of the date of this Order. Any amended filing should be accompanied by Camran's partial filing fee of $200.

**IT IS SO ORDERED.**

Dated: May 8, 2023

Hon. Gonzalo P. Curiel
United States District Judge