UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CAMRAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO YOUTH SERVICES,<br><br>Defendant. | Case No.: 23-cv-00491-GPC-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[ECF No. 25]** |

Before the Court is Plaintiff's motion for relief from judgment. ECF No. 25. Defendant timely responded, ECF No. 27, and Plaintiff did not reply. The Court finds the matter suitable for decision on the papers and therefore VACATES the hearing scheduled for November 22, 2024. For the reasons below, the Court DENIES Plaintiff's motion for relief from judgment.

## BACKGROUND

On March 17, 2023 Plaintiff Sara Camran filed a complaint against Defendant San Diego Youth Services, alleging that she was threatened at her workplace by a client, that her employer did nothing to protect her after the incident was reported, and that she was fired a week after the incident. ECF No. 1 at 2. She also alleged that she "experience[d]

1

23-cv-00491-GPC-VET

different forms of harassment and discrimination since working there, along with [her] privacy being breach[ed]." *Id.* Plaintiff filed an accompanying motion to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a request for appointment of counsel, ECF No. 3. The Court denied the motion to proceed IFP and the request for appointment of counsel, and sua sponte dismissed the complaint for failure to state a claim. ECF No. 7. On June 2, 2023, Plaintiff filed an amended complaint, which alleged claims for wrongful termination, religious discrimination, and breach of privacy. ECF No. 8.

On July 21, 2023, Magistrate Judge Gallo noticed an Early Neutral Evaluation Conference ("ENE"), a Case Management Conference, and a Telephonic Status Conference. In the months leading up to the September 20, 2023 ENE, the parties engaged in continuous settlement talks, but did not settle the case, ECF No. 27-1 at 3-4[1] ¶¶ 7-10. The case did not settle at the ENE, either. ECF No. 15. The case ultimately settled on December 6, 2023, ECF No. 27-1 at 8 ¶¶ 23-24, and the Court granted the parties' joint stipulation for dismissal with prejudice on December 18, 2023, ECF Nos. 19, 20.

On September 5, 2024—nearly nine months after the case was closed—Plaintiff moved to reopen the case, essentially alleging that Judge Gallo coerced her into settling the case at the ENE, and that she was vulnerable to his impressions because she was not represented by counsel. ECF No. 23. While the Court noted that the motion could be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b),[2] it denied the motion without prejudice and directed Plaintiff to file a new motion

---

[1] Page numbers refer to CM/ECF pagination.

[2] All further references to "Rules" in this Order refer to the Federal Rules of Civil Procedure.

for relief from judgment.  ECF No. 24.  On September 23, 2024, Plaintiff filed the instant motion for relief from judgment.  ECF No. 25.

## DISCUSSION

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for various reasons, including mistake or inexcusable neglect, newly discovered evidence, fraud, void judgments, satisfied judgments, or any other reason that justifies relief.  The Court entered a final judgment in this matter on December 19, 2023, when it granted the parties' joint stipulation for dismissal with prejudice.  *See* ECF No. 20.  Plaintiff now moves for relief from judgment on the grounds that there was "mistake, inadvertence, surprise, or excusable neglect," FRCP 60(b)(1), and fraud, FRCP 60(b)(3).

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1099 (E.D. Cal. 2010); *accord ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011).  Relief under Rule 60(b) "lies within the discretion of the trial court." *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

### I.   Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable Neglect

Plaintiff first argues that she is entitled to relief from judgment under Rule 60(b)(1), as the settlement resulted from mistake, inadvertence, surprise, or excusable neglect.  Rule 60(b)(1) typically covers "mistakes that a party could not have protected against in the litigation." *Clark*, 755 F. Supp. 2d at 1100.

The Court first notes the parties' differing accounts of the settlement process. Plaintiff contends that Judge Gallo was hostile towards her during the conference, did "not pay[] any mind to" her, and was opposed to her taking the case to trial.  ECF No. 25 at 2. Further, Plaintiff states that Judge Gallo expressed his opinions as to the merits of the case and encouraged her to settle, and that she was vulnerable to his impressions due to her *pro se* status.  *Id.*  On the other hand, Defendant contends that, while the parties

drew closer to an agreement, they did not settle at the ENE. *Id.* at 4 ¶10. After the ENE, Judge Gallo called Defendant's counsel, expressed a continued interest in resolving the case, and noted that he "had a further pleasant conversation with Ms. Camran." *Id.* Subsequently, Defendant rejected a new settlement demand that Plaintiff made directly to Defendant. *Id.* at 4-5 ¶ 11. Judge Gallo soon relayed another new settlement demand from Plaintiff to Defendant's counsel and expressed some of Plaintiff's concerns regarding the apportionment of settlement proceeds. *Id.* at 5 ¶ 12. As a result of this communication with Judge Gallo, Defendant increased its counteroffer to Plaintiff, *id.* at 5 ¶ 13, but Plaintiff refused to negotiate further, *id.*, and talks soon broke down, *id.* at 5 ¶ 14. Judge Gallo then retired, and the case was transferred to Magistrate Judge Berg. *Id.* at 6 ¶¶ 15, 17. Amid this transition, Plaintiff accepted Defendant's most recent counteroffer, but reneged soon thereafter. *Id.* at 6 ¶¶ 16-19. With litigation deadlines looming, Defendant served Plaintiff with written discovery, noticed her deposition, and withdrew its latest settlement offer. *Id.* at 7-8 ¶¶ 20, 22. Soon after, Plaintiff contacted Defendant and the parties officially settled the case. *Id.* at 8 ¶¶ 22-24.

Plaintiff essentially argues that Judge Gallo influenced her decision to accept a settlement offer by expressing his opinions on the case's merits and treating her unfairly throughout the settlement process. ECF No. 25 at 2. Defendant primarily responds that Plaintiff's decision to settle was voluntary and was not the result of any undue influence on Judge Gallo's part. ECF No. 27 at 11-15.

Despite arguing that Judge Gallo unduly influenced her decision to settle the case, Plaintiff did not accept a settlement offer until nearly two months after Judge Gallo's retirement and final involvement in the case. *Id.* at 6 ¶ 15; *id.* at 8 ¶ 23-24. While the Court acknowledges that Judge Gallo's comments at the ENE could have influenced Plaintiff down the road, the timing of the settlement certainly cuts against Plaintiff's coercion contention. And, much to the contrary, Defendant admits that Judge Gallo's

participation in the settlement process led it to increase its offers to Plaintiff.  ECF No. 27 at 12.  This further detracts from a finding that Judge Gallo acted unfairly in overseeing the settlement process.

Plaintiff's argument that Judge Gallo unduly imposed his opinions as to the merits of the case is unavailing.  Local Rule 16.1(c)(1)(a) explicitly states that, "[a]t the ENE conference, the judge and the parties will discuss the claims and defenses and seek to settle the case."  Judge Gallo cannot oversee this process effectively without addressing the merits of the parties' claims and defenses.  And "a judge cannot be considered as having coerced a party by expressing a view about the law or by suggesting to a party one course of action is likely to be more promising than another."  *Jimenez v. Aragon*, 2011 WL 13289638, at *6 (D.N.M. Aug. 26, 2011) (citing *Warfield v. Allied Signal TBS Holdings, Inc.*, 267 F.3d 538, 543 (6th Cir. 2001)).

The Court acknowledges that Plaintiff was not represented by counsel and may have been more vulnerable to Judge Gallo's impressions.  But that alone does not lead to the conclusion that exceptional circumstances exist for Rule 60(b) relief.  And while Plaintiff alleges that Judge Gallo was "hostile" to her, she does not expand on this conclusory allegation or detail how Judge Gallo coerced her into settling.  Defendant's opposition papers paint a more detailed picture.  Plaintiff went through a drawn-out settlement process, rejecting Defendant's offers and making her own counteroffers along the way.  And she finally accepted a settlement offer after the case was transferred from Judge Gallo to Judge Berg.  The fact that the settlement was reached on the heels of Defendant's discovery requests and the noticing of her deposition suggests that Plaintiff weighed the settlement offer with the prospects of forthcoming litigation.  And "when a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."  *United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994); *see also Latshaw v. Trainer Wortham &*

*Co., Inc.*, 452 F.3d 1097, 1101-02 (9th Cir. 2006) (finding that, where a decision to accept a settlement offer was "deliberate and independent," a party is not entitled to Rule 60(b)(1) relief based on "regret caused by new knowledge").

Accordingly, the Court finds that there are no "exceptional circumstances" which warrant relief from judgment pursuant to Rule 60(b)(1).

## II.   Rule 60(b)(3): Fraud

Plaintiff also argues that she is entitled to relief from judgment because Defendant engaged in fraud.  To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (internal quotation marks and citation omitted).  The fraud must "not be discoverable by due diligence before or during the proceedings." *Id.* (internal quotation marks and citation omitted).

Plaintiff argues that Defendant lied about the date on which a key event occurred and mischaracterized the events in a report they provided in discovery.  ECF No. 25 at 2.  Defendant responds that Plaintiff was aware of the factual dispute before entering into the settlement agreement and that Plaintiff fails to allege fraud in the settlement negotiations themselves.  ECF No. 27 at 15.

Plaintiff's claim of fraud reads as a factual dispute as opposed to fraud.  While Plaintiff claims that Defendant was "lying," this characterization of the dispute does not move the needle.  Plaintiff has failed to provide the Court with clear and convincing evidence that there was fraud, misrepresentation, or other misconduct involved in Defendant's formulation of its version of the facts.  Instead, this is precisely the type of factual dispute that typically arises during litigation and would be decided by a trier of fact.  "[I]f a mere dispute of fact could trigger relief under Rule 60(b)(3), nearly every

action would be vulnerable to re-litigation under Rule 60(b)(3)." *Scott v. Donahoe*, 2015 WL 546020, at *5 (C.D. Cal. Feb. 10, 2015).

Accordingly, Plaintiff has not presented clear and convincing evidence of fraud and is not entitled to relief under Rule 60(b)(3).

## CONCLUSION

For the above reasons, the Court DENIES Plaintiff's motion for relief from judgment. The motion hearing scheduled for November 22, 2024 is VACATED.

**IT IS SO ORDERED.**

Dated: November 19, 2024

Hon. Gonzalo P. Curiel
United States District Judge