UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CAMRAN, an individual,<br><br>                       Plaintiff,<br><br>v.<br><br>SAN DIEGO YOUTH SERVICES,<br><br>                       Defendant. | Case No.:  23-cv-00491-GPC-VET<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(b)**<br><br>**[ECF Nos. 30, 35]** |

     Plaintiff has filed what the Court construes as a motion to reconsider the Court's denial of her previous motion for relief from judgment under Rule 60(b). *See* ECF No. 35.  After the Court issued an order denying Plaintiff's motion for relief from judgment, ECF No. 29, Plaintiff responded by claiming that she did not know of her deadline to file

a reply brief,[1] was not aware that the hearing on the motion had been vacated,[2] and describing her disagreement with the Court's order, *see* ECF No. 30.  Now, Plaintiff again asks the Court to reconsider its final judgment and reopen the case, and states that her December 4, 2024 filing (ECF No. 30) contains the requisite papers to support this request.  ECF No. 35.[3]

A court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994), but motions for reconsideration are disfavored, *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  "Neither disagreements with a decision nor recapitulations of rejected arguments are adequate bases for reconsideration." *Slama v. City of Madera*, 2012 WL 1292501, at *2 (E.D. Cal. Apr. 16, 2012) (citing *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)).  Under Local Rule 7.1(i), Plaintiff's application for reconsideration must include "(1) when and to what judge the application was made, (2)

---

[1] The docket in this case reflects that a briefing schedule, which included Plaintiff's deadline to file a reply brief, was served via U.S. Mail Service upon all non-registered users.  *See* ECF No. 26 (docket text).  Plaintiff was therefore served at her registered address.  "It is a venerable principle of federal common law that 'the mailing of' an item 'creates an inference – raises a presumption – that the party to whom it was addressed received it in due course of mail[.]" *Fernandez v. Harrington*, 2015 WL 11216743, at *2 (C.D. Cal. Feb. 24, 2015) (quoting *Schutz v. Jordan*, 141 U.S. 213, 220 (1891)); *see also Dandino, Inc. v. USDOT*, 729 F.3d 917, 921 (9th Cir. 2013) ("Generally, under the common law Mailbox Rule, proper and timely mailing of a document raises a rebuttable presumption hat it is received by the addressee") (cleaned up).  And Plaintiff's "bare assertion that [she] never received the mail, unsubstantiated by additional evidence, does not rebut the presumption that the [briefing schedule] was received." *Fernandez*, 2015 WL 11216743, at *3.  The Court therefore assumes that Plaintiff was notified of her deadline to file a reply brief.

[2] In her most recent filing, Plaintiff alternatively asks the Court to hold a hearing on the matter.  ECF No. 35.  However, she is not entitled to a hearing.  L.R. 7.1(d)(1) ([a] judge may, in the judge's discretion, decide a motion without oral argument").

[3] Despite two discrepancies striking Plaintiff's filings for, among other things, failing to call chambers to obtain a hearing date for her motion, ECF Nos. 31-34, Plaintiff again failed to obtain a hearing date for the instant filing (ECF No. 35).  The Court directs Plaintiff to call its chambers and obtain a hearing date from the judicial law clerks for any future motions she files.

what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."[4]

Here, Plaintiff essentially asks the Court to reconsider and vacate its prior order denying her motion for relief from judgment. *See* ECF No. 35; *see also* ECF No. 30. But Plaintiff merely disagrees with the Court's order and argues that it was incorrect. *See* ECF No. 30 at 3-5. Plaintiff also attaches numerous exhibits which she claims support her arguments. *See id.* at 6-64. Without speaking on the merits of the exhibits, the Court notes that all these documents would have been available to Plaintiff at the time she filed her original motion for relief from judgment. Therefore, the time for Plaintiff to submit these exhibits has passed. *See PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 2013 WL 12080306, at *4 (C.D. Cal. Oct. 8, 2013) ("[t]he court may refuse to consider evidence submitted for the first time in reply") (citing, *inter alia*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)). Plaintiff also fails to present any new or different facts or circumstances which did not exist when she filed her original motion on September 23, 2024.

Accordingly, the Court DENIES Plaintiff's motion for reconsideration without prejudice. If Plaintiff wishes, she may file a new motion for reconsideration that meets Local Rule 7.1(i)'s requirements **within 28 days**. Plaintiff should pay special attention to the requirement that she show "new or different facts or circumstances … which did not exist, or were not shown" in her original motion, and which would lead the Court to

---

[4] Because Plaintiff brings her motion under Fed. R. Civ. P. 60, the 28-day timeline outlined in the Local Rules for filing an application for reconsideration does not apply here. *See* L.R. 7.1(i)(2). However, because Plaintiff now clarifies that the documents she filed on December 4, 2024 constitute her moving papers, ECF No. 35, the Court finds that the filing would nonetheless be timely.

reconsider its decision now. If Plaintiff files a new motion, the Court will set a briefing schedule following the filing.

**IT IS SO ORDERED.**

Dated: April 17, 2025

Hon. Gonzalo P. Curiel
United States District Judge