UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CAMRAN, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO YOUTH SERVICES,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-cv-00491-GPC-VET<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 37]** |

Before the Court is Plaintiff Sara Camran's motion for reconsideration of the Court's previous order denying Plaintiff's motion for relief from judgment. ECF No. 37. Defendant timely filed an opposition, ECF No. 39, and Plaintiff timely filed a reply, ECF No. 41. The Court finds the matter suitable for decision on the papers. For the reasons below, the Court DENIES Plaintiff's motion for reconsideration.

## BACKGROUND

**I.　　Case Background and Settlement**

On March 17, 2023 Plaintiff Sara Camran filed a complaint against Defendant San Diego Youth Services alleging that she "experience[d] different forms of harassment and discrimination" in the workplace and that Defendant breached her privacy. ECF No. 1 at

2.[1] On May 8, 2023, the Court sua sponte dismissed the complaint for failure to state a claim and granted Plaintiff leave to amend. ECF No. 7 at 3-7. Plaintiff subsequently filed an amended complaint. ECF No. 8 ("FAC"). In the FAC, Plaintiff more specifically alleged that Defendant discriminated against her on the basis of her religion and that Defendant breached her privacy by accessing her personal e-mail account without authorization. FAC at 3-4. Defendant filed an answer to the FAC. ECF No. 11.

On September 20, 2023, Magistrate Judge Gallo held an Early Neutral Evaluation Conference ("ENE"), but the case did not settle. ECF No. 15. The case ultimately settled on December 6, 2023, ECF No. 27-1 at 8 ¶¶ 23-24, and the Court granted the parties' joint stipulation for dismissal with prejudice on December 18, 2023, ECF Nos. 19, 20.

**II.    Plaintiff's Motion for Relief from Judgment**

On September 23, 2024—nine months after the Court dismissed the case—Plaintiff moved the Court for relief from judgment under Federal Rule of Civil Procedure 60(b), alleging that Judge Gallo coerced her into settling the case at the ENE, and that she was vulnerable to his impressions because she was not represented by counsel. ECF No. 25. Plaintiff further argued that Defendant engaged in fraud by lying about a date on which a key event occurred and mischaracterizing the relevant events in an email Defendant provided in discovery. *Id.*

The Court denied Plaintiff's motion for relief from judgment. ECF No. 29. The Court reasoned that Judge Gallo properly oversaw the ENE and that the parties did not reach a settlement until several weeks after the ENE, and therefore there was no evidence that the settlement was a result of any coercion. *Id.* at 3-6. As for the alleged fraud, the Court reasoned that Plaintiff's allegations were merely indicative of a factual dispute as opposed to fraud. *Id.* at 6-7.

---

[1] Page numbers reflect CM/ECF pagination.

### III. The Instant Motion

On May 6, 2025, Plaintiff moved for reconsideration of the Court's order denying her motion for relief from judgment.[2] ECF No. 37.

In her motion for reconsideration, Plaintiff attempts to highlight new facts or circumstances regarding the alleged coercion and fraud. *Id.* Regarding Judge Gallo's alleged coercion, Plaintiff again claims that "Judge Gallo was hostile towards her" and "encouraged her to settle," and that an eyewitness who was present at the ENE could testify as to these circumstances. *Id.* at 3. Plaintiff also explains that the only reason she did not settle immediately following the ENE was because she was in the process of moving. *Id.* at 3-4. Plaintiff further states that, in the time since the parties reached the settlement, some of the potential witnesses are no longer employed at San Diego Youth Services, and therefore might be more willing to testify truthfully in Plaintiff's favor. *Id.* at 4.

Regarding Defendant's alleged fraud, Plaintiff recalls that an incident between her and a client, which played a key role in her termination, took place on March 5, 2021. ECF No. 37 at 4-5. However, during the instant litigation, Defendant's counsel emailed Plaintiff a copy of a February 12, 2021 email, which instead indicates that the incident took place on February 12, 2021. *Id.*; *see id.* at 12-16 (copies of the emails); *see also* ECF No. 39-1, Declaration of Amy Wintersheimer ("Wintersheimer Decl.") ¶ 18 (stating that Ms. Wintersheimer sent Plaintiff a copy of the February 12, 2021 email on

---

[2] Leading up to the instant motion, Plaintiff filed several documents asking the Court to reconsider its order and reopen the case. *See* ECF Nos. 30-35. First, after the Court denied Plaintiff's motion for relief from judgment, Plaintiff filed an untimely reply brief in support of the already-denied motion for relief from judgment. ECF No. 30. The Court then struck several subsequent documents from the record because of Plaintiff's noncompliance with the Local Rules and Chambers Rules. ECF Nos. 31-34. Ultimately, the Court directed the Plaintiff to file the instant motion for reconsideration. ECF No. 36.

September 11, 2023). Plaintiff suggests that Defendant fraudulently changed the date on the email. ECF No. 37 at 4-5. Plaintiff also alleges that Defendant mischaracterized the facts of the incident in the February 12, 2021 email. *Id.* Plaintiff claims that video footage of the events[3] and testimony from individuals she lists in an exhibit to her motion, *see id.* at 6-7, would support her version of events. *Id.* at 5.

## DISCUSSION

A court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994), but motions for reconsideration are generally disfavored, *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Recapitulations of rejected arguments are not adequate bases for reconsideration. *Slama v. City of Madera*, 2012 WL 1292501, at *2 (E.D. Cal. Apr. 16, 2012). Further, under Local Rule 7.1(i), Plaintiff's application for reconsideration must include "(1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

At issue is whether Plaintiff has met her burden to present new or different facts or circumstances which did not exist when she filed her motion for relief from judgment on September 23, 2024. Plaintiff purportedly presents new facts regarding both the settlement coercion and Defendant's alleged fraud. ECF No. 37 at 3-6. The Court will first consider the new settlement facts and then consider the new fraud facts.

Plaintiff again claims that "Judge Gallo was hostile towards her" and "encouraged her to settle." *Id.* at 3. Plaintiff suggests that an eyewitness who was present at the ENE

---

[3] Plaintiff does not offer video evidence in her motion, but instead suggests that Defendant would provide it during discovery. ECF No. 37 at 5.

could testify as to these circumstances. *Id.* However, these are not "new" facts, as Plaintiff previously discussed Judge Gallo's handling of the ENE and mentioned her eyewitness in the original motion for relief from judgment. *See* ECF No. 25 at 2. Plaintiff further states that the only reason she did not settle immediately following the ENE was because she was in the process of moving. *Id.* at 3-4. But this is not new information that did not exist at the time of the motion for relief from judgment, as Plaintiff would have had personal knowledge of these facts at the time. Therefore, Plaintiff merely presents arguments that the court already considered and rejected. *See Torbert v. Gore*, No. 3:14-cv-02911-BEN-NLS, 2016 WL 7370062, at *2 (S.D. Cal. Dec. 19, 2016) ("motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected").

Plaintiff further states that, in the time since the parties reached the settlement, a list of potential witnesses no longer work at San Diego Youth Services, and therefore might be more willing to testify truthfully in Plaintiff's favor. *Id.* at 4. But these witnesses were always available to testify under penalty of perjury; Plaintiff merely speculates that they would not have testified truthfully because of their employment at San Diego Youth Services. However, without concrete evidence that the substance of their testimony would materially differ now, the Court cannot take Plaintiff's speculation at face value and consider it "new" evidence. Further, Plaintiff does not clearly state whether she knew that Defendant no longer employed these witnesses on September 23, 2024, when she filed the original motion for relief from judgment. Therefore, Plaintiff does not establish that this is new evidence or information.

As for the fraud allegations, Plaintiff recalls that an incident between her and a client, which played a key role in her termination, took place on March 5, 2021. ECF No. 37 at 4-5. However, during the litigation, Defendant's counsel emailed Plaintiff a copy of a February 12, 2021 email, which instead indicates that the incident took place on

February 12, 2021. *Id.* Plaintiff suggests that Defendant fraudulently changed the date on the email. *Id.* Plaintiff also alleges that Defendant fraudulently mischaracterized the facts of the incident in the February 12, 2021 email. *Id.* Plaintiff argues that the proffered copies of these emails constitute new evidence of Defendant's fraud. *Id.* at 12-16. However, Defendant's counsel shared the February 12, 2021 email with Plaintiff on September 11, 2023—long before Plaintiff filed her original motion for relief from judgment on September 23, 2024. *See id.* at 13. Thus, this does not constitute new evidence, as Plaintiff would have had access to the email at the time of filing her motion for relief from judgment on September 23, 2024. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("the failure to file documents in an original motion … does not turn the late filed documents into 'newly discovered evidence'").

Plaintiff further claims that video footage of the incident and testimony from individuals she lists in an exhibit to her motion, *see id.* at 6-7, would support her claim of fraud. *Id.* at 5. However, Plaintiff's claim that certain evidence or testimony, which she does not currently have access to, *might* support her version of events is insufficient at this stage to constitute new evidence. Plaintiff cannot merely speculate as to the contents of currently undiscovered evidence and call it "new." Moreover, as the Court previously noted, Plaintiff's fraud argument "reads as a factual dispute as opposed to fraud," ECF No. 29 at 6, and motions for reconsideration are not a vehicle to relitigate factual disputes underlying the action. *See Leskinen v. Perdue*, No 2:18-cv-00453-TLN-KJN, 2019 WL 95513, at *2 (E.D. Cal. Jan. 3, 2019) ("a motion for reconsideration is not an opportunity to relitigate a claim") (citing *United States v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)). Accordingly, the potential video evidence and witness testimony do not constitute new evidence warranting reconsideration of the Court's prior order.

Because Plaintiff does not state any "new or different facts and circumstances" supporting her motion for reconsideration, the Court finds that there are no grounds for reconsideration under Local Rule 7.1(i).

## CONCLUSION

For the above reasons, the Court DENIES Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: July 24, 2025

Hon. Gonzalo P. Curiel
United States District Judge