UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SARA CAMRAN, an individual,
Plaintiff,
v.
SAN DIEGO YOUTH SERVICES,
Defendant.

Case No.: 23-cv-00491-GPC-VET

**ORDER RE: LETTER FROM PLAINTIFF**

**[ECF No. 52]**

On June 30, 2026, the Court received a letter from Plaintiff Sara Camran. ECF No. 52. In the letter, Plaintiff asks the Court to provide her with a new due date by which to file her appeal to enable her to move forward with the appeals process. *Id.* The Court is unable to do so.

**BACKGROUND**

Plaintiff filed this lawsuit on March 17, 2023. ECF No 1. After an initial unsuccessful settlement conference, ECF No. 15, Plaintiff settled her case with Defendant

on December 6, 2023. ECF No. 27-1 at 8 ¶¶ 23-24.[1] The Court granted the subsequent joint stipulation for dismissal with prejudice. ECF Nos. 19, 20.

On September 23, 2024—nine months after the Court dismissed the case—Plaintiff moved for relief from the judgment, alleging that she was coerced into settling. ECF No. 25. On November 19, 2024, this Court denied Plaintiff's motion for relief from judgment. ECF No. 29.

On May 6, 2025, Plaintiff moved for reconsideration of the Court's order denying her motion for relief from judgment. ECF No. 37. On July 24, 2025, the Court denied the motion. ECF No. 43.

More than seven months later, on March 11, 2026, the Court received a document titled "Plaintiff's response to the Judge's denial for relief without prejudice." ECF No. 44. In the document, Plaintiff expressed an intention to appeal this Court's denial of her motion for reconsideration. ECF No. 44, at 2. The Court entered a notice of discrepancy highlighting procedural issues with the document and directing Plaintiff to the public website to find information regarding filing a Notice of Appeal. ECF No. 45.

Plaintiff filed her Notice of Appeal on March 24, 2026. ECF No. 46. On May 29, 2026, the Ninth Circuit entered a mandate noting that Plaintiff filed her appeal more than thirty days after this Court entered its order denying reconsideration on July 24, 2025. ECF No. 50. Because a timely notice of appeal is a jurisdictional requirement, the Ninth Circuit dismissed the appeal. *Id.* The judgment took effect June 23, 2026. ECF No. 51.

Plaintiff now writes the Court to express that she was never provided with a due date by which to submit an appeal. ECF No. 52. She seeks a new due date so that she can move forward with the appeals process. ECF No. 52.

//

---

[1] Page numbers refer to CM/ECF pagination.

## DISCUSSION

A federal litigant must file a notice of appeal within thirty days after the entry of the judgment they seek to appeal. This timeframe is outlined in federal statute and in the Federal Rules of Appellate Procedure. 28 U.S.C. § 2107(a) states that "no appeal shall bring any judgment . . . before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment." Federal Rule of Appellate Procedure 4(a) also requires that a notice of appeal "must be filed with the district clerk within 30 days after the entry of judgment or order appealed from." Fed. R. App. P. 4(a). Though both Rule 4(a) and § 2107 provide for exceptions, none apply here. *See United States v. Sadler*, 480 F.3d 932, 937 n.5 (9th Cir. 2007) (explaining the exceptions to the general rules and when they apply).

When an appeal is untimely, the Court of Appeals lacks jurisdiction to consider the matter and must dismiss the appeal. *Sadler*, 480 F.3d at 937 ("[W]e must dismiss civil appeals that are untimely for lack of jurisdiction."). This is what the Ninth Circuit did here. ECF No. 50.

Despite Plaintiff's request, there is no new due date this Court can provide to restart her appeals process in connection with the order issued by this Court in July of 2025. Any additional filings that Plaintiff makes in this closed case may be subject to a notice of discrepancy or stricken from the record. *See*, *e.g.*, ECF No. 45.

IT IS SO ORDERED.

Dated: July 31, 2026

Hon. Gonzalo P. Curiel
United States District Judge